IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,
        Plaintiff                               CASE NO. 2:19-CR-223
    v.                                    JUDGE: Graham
Derrick Porter,
        Defendant.

## DEMAND FOR DISCOVERY AND INSPECTION

      Pursuant to Rule 16(A), Federal Rules of Criminal Procedure, Defendant, Derrick Porter, by and through counsel, Kia M. Wrice, hereby respectfully demands disclosure by the United States of America in the above-styled matter, information to which the Defendant is entitled as set forth in Rule 16(A)(1), Federal Rules of Criminal Procedure. Defendant also moves for the production of all evidence favorable to the defense and material to issues of guilt or punishment pursuant to *Brady v. Maryland* (1963), 373 U.S. 83, *United States v. Agurs* (1976), 427 U.S. 97, and *Giglio v. United States* (1972), 405 U.S. 150. Production of this material is necessary to protect Defendant's rights as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution. The reasons in support of Defendant's request, and specific information requested, are set forth in the attached Memorandum.

Respectfully submitted,
**The Law Office of Kia M. Wrice, LLC.**

/s/Kia M. Wrice
Kia M. Wrice (0090973)
1297 South High Street
Columbus, Ohio 43206
(614) 219-3409 – Office
(614) 944 - 5136  - Fax
Kia@lawkmwllc.com
***Counsel for Defendant Porter***

## MEMORANDUM

      The Due Process Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution obligate the Prosecuting Attorney to disclose all evidence that is both favorable to the accused and material to the issues of guilt or punishment.

*Brady*, 373 U.S. 83, 87 *see also United States v. Agurs* (1976), 427 U.S. 97; *Giglio v United States* (1972), 405 U.S. 150; and *State v. Johnson* (1988), 39 Ohio St.3d 48 (applying these standards in Ohio). Rule 16 of the Federal Rules of Criminal Procedure sets forth specific disclosure obligations for the State upon receipt of a timely demand from the defense.

Based on the foregoing, Defendant requests the following:

1. Pursuant to Fed. Crim. R. 16 (a)(1)(A) Defendant's Oral Statement, any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
2. Pursuant to Fed. Crim. R. 16(a)(1)(B) Defendant's Written or Recorded Statement, any relevant written or recorded statement by the defendant if: statement is within the government's possession, custody, or control; and the attorney for the government knows- or through due diligence could know-that the statements exist; the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and the defendant's recorded testimony before a grand jury relating to the charged offense.
3. Pursuant to Fed. Crim. R. 16(a)(1)(C) Organizational Defendant, if the government contends that the person making the statement: was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or, was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent
4. Pursuant to Fed. Crim. R. 16(a)(1)(D) Defendant's Prior Record, a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows-or through due diligence could know-that the record exists.
5. Pursuant to Fed. Crim. R. 16(a)(1)(E) Documents and Objects, all photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: the item is material to preparing the defense; the government intends to use

    the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant.

6. Pursuant to Fed. Crim. R. 16(a)(1)(F) Reports of Examinations and Tests, all results or reports of any physical or mental examination and of any scientific test or experiment if: the item is within the government's possession, custody, or control; the attorney for the government knows- or through due diligence could know-that the item exists; and the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

7. Pursuant to Fed. Crim. R. 16(a)(1)(G) Expert Witnesses, in a written summary the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.  The summary provided under this subparagraph must describe the witness's opinion, the bases and reasons for those opinions, and the witness's qualifications.

8. Pursuant to Fed. Crim. R. 16(c) Continuing Duty to Disclose, a party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: the evidence or material is subject to discovery or inspection under this rule; and the other party previously requested, or the court ordered, its production

    Additionally, Defendant Porter, without limiting the scope of the discovery and the inspection allowed under Rule 16, Federal Rules of Criminal Procedure, also moves this court for an order which requires the government to provide to Defendant the names of any known, unindicted, co-conspirators alluded to in the Defendant's indictment.

    Since it is possible the government will attempt to admit into evidence statements of co-conspirators made in furtherance of the alleged conspiracy pursuant to Federal Rule of Evidence 801(d)(2)(E), Defendant asks the court to order the government to provide Defendant with the statements of the alleged co-conspirators who will not be called as witnesses by the government, which were made in the course of in furtherance of the alleged conspiracy.

Defendant further requests the government notify him of any show-ups, lineups, or photographic arrays conducted with respect to him.

> Respectfully submitted,
> **The Law Office of Kia M. Wrice, LLC.**
>
> /s/Kia M. Wrice
> Kia M. Wrice (0090973)
> 1297 South High Street
> Columbus, Ohio 43206
> (614) 219-3409 - Office
> (614) 944 - 5136  - Fax
> Kia@lawkmwllc.com
> ***Counsel for Defendant Porter***

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, a copy of the foregoing "Demand" was filed electronically. Notice of this filing will be sent to the United States by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ Kia M. Wrice
> Kia M. Wrice (0090973)
> ***Counsel for Defendant Porter***